ELVIRA RENDINO, APPELLANT, v. JAMES C. DAVIS,
DIRECTOR GENERAL, RESPONDENT.

Submitted July 9, 1923—Decided November 19, 1923.

1. Where a railroad company has voluntarily installed a signal bell
   at a crossing as a notice to travelers of approaching trains, the
   company is under a common law duty to use reasonable care that
   such signal be properly operated, and a failure to use such
   reasonable care constitutes actionable negligence, and the trial
   court must so charge when specifically requested so to do.
2. The question of the negligence of a railroad company in failing
   to keep a crossing signal in order is not dependent upon whether
   any other audible signal of the approach of the train was given.
3. Where a question called for an opinion of the witness upon a
   state of facts which was obviously not a subject of expert opin-
   ion, it was error to permit the witness to answer the question, it
   being the province of the jury to draw reasonable inferences from
   the established facts and circumstances of the case.

On appeal to the Supreme Court.

For the appellant, *Kellogg & Chance.*

For the respondent, *John S. Applegate & Son.*

The opinion of the court was delivered by

KALISCH, J.   It is no longer a debatable question in this
state that where a railroad company has voluntarily installed
a signal bell at a crossing as a notice to travelers of approach-
ing trains, the company is under a common law duty to use
reasonable care that such signal be properly operated, and
that a failure to use such reasonable care constitutes action-
able negligence.   See *Passarello* v. *West Jersey and Seashore
Railroad Co.*, 98 N. J. L. 790, where the cases touching the
subject are collated.

The contention of counsel of respondent that the case of
*Fernetti* v. *West Jersey and Seashore Railroad Co.*, 87 N. J.
L. 268, decided by this court, expresses a contrary view
is not sustained by a plain reading of that case.   The question

*sub judice* was not raised there, and there is nothing in the opinion of the court indicating any attempt to deal with the question mooted here.

In the present case the disputed questions of fact were whether the railroad company's servants had given the required statutory signals for the crossing at which the accident happened, that is, by either blowing a whistle or ringing a bell, and whether or not, at the time of the accident, the signal bell installed by the company at the crossing was ringing.

The jury found a verdict in favor of the railroad company and from the judgment entered upon the verdict, the appellant, who was the plaintiff below, appealed to this court, and relies upon two grounds of appeal for a reversal of the judgment.

The trial judge was requested by counsel of plaintiff below to charge: "So long as a railroad company maintains a crossing bell for the purpose of warning travelers of approaching trains, it is under a duty to use reasonable care to see that the same is operating." The trial judge refused to charge this request and an exception to the refusal was noted. The trial judge in this respect charged: "In determining this question of negligence you should keep in mind that the defendant was not guilty of negligence if he failed to keep the crossing bell ringing, but was guilty of negligence if he failed to have either the bell on the engine ring, or the whistle on the engine blown, in the manner required by the statute." And in another part of the charge the learned trial judge said: "There has been considerable evidence in reference to this crossing bell. But the only effect its ringing or not ringing has in this case is upon the question of contributory negligence." And then again: "the plaintiff cannot base her action upon the failure of this crossing bell to ring." To these instructions appellant's counsel took exceptions, which were noted upon the record.

It is manifest that the refusal to charge appellant's request, and the instructions given by the trial judge to the jury, overlooked the law, as declared by this court, in *Passarello* v.

*West Jersey and Seashore Railroad Co., supra,* and in the cases therein cited, and hence necessitates a reversal of the judgment.

Since the record is to be remitted to the Circuit for a new trial we have considered the other ground of appeal, based upon the alleged admission of incompetent testimony, duly objected to by appellant's counsel.

A witness, named Erman, was produced by the defendant company as a witness and on his redirect examination was asked: "Having in mind that you examined the bell on the day before the accident and found it in working order and that you examined the bell a day or so after the time of the accident and found it in working order, what do you say as to the probabilities that at the time of the accident the bell was in working order?"

The question was objected to, both upon the ground of form and that it was not a proper one for expert opinion and presented a question of fact which was for a jury to decide, not an expert.

The trial judge, upon the theory that the question presented facts for an expert to determine, admitted the question. We think this was harmful error.

The question called for an opinion of the witness upon a state of facts which was obviously not a subject of expert opinion. It was the jury's task to draw reasonable inferences from the established facts and circumstances in the case. No technical question of mechanics was involved. There was nothing in or about the mechanism of the bell or its attachments or working that was drawn into question. The ordinary juror, without the expression of an opinion by an expert, was qualified to draw a proper conclusion from the facts whether or not it was probable because the bell was in proper order the day before and on the day after the accident, that it was probably in order on the day of the accident. It is quite apparent that the admission of expert testimony on such a state of facts as suggested by the question is harmful because it substitutes the expert's conclusion as to the facts in place of that of the jury thereby encroaching upon the

province of the jury to determine all questions of fact, uninfluenced by expert testimony, where technical or scientific knowledge is not involved in the subject-matter of inquiry.

The judgment is reversed to the end that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.